Irwin D. Davidson, J.
The defendant, Randazzo, has been indicted in a two-count indictment charging felonious possession of a narcotic drug with'intent to sell, and felonious possession of a narcotic drug. This indictment stems from a search and seizure of contraband made at the time the defendant was arrested by his parole officer pursuant to a warrant of arrest for a violation of his parole. Petitioner moves to suppress the evidence seized at the time of his arrest claiming that this evidence was obtained as the result of an unlawful search and in violation of his constitutional rights.
On February 17, 1949, the defendant upon his conviction for manslaughter, was sentenced to State prison for a term of 6 to 20 years. In 1957, he was paroled from State prison. At that time he signed a certificate of release on parole which specified the conditions under which he would be released. Included among the conditions were that he would not associate with *81 known criminals, and that he would consent to a parole officer visiting his home, his place of employment and making a search of his person or of his home.
It appeared that the parole officer had received information that Bandazzo had consorted with a convicted felon, a narcotics violator, that Bandazzo was suspected of being involved in the narcotics traffic, that he was not working and maintained late hours, and although not working had visited a bar late at night. Based on this information, the parole officer obtained a parole warrant for Bandazzo’s arrest.
On July 12, 1962, this warrant was executed. The defendant was arrested in his apartment and a search of his bedroom disclosed approximately 31 ounces of heroin concealed in the hollow section of a dresser.
Bandazzo claims that the search of his apartment was an unreasonable search, that the seizure of the contraband was illegal and violated his constitutional rights. He urges that the parole warrant merely authorized his arrest for associating with known criminals — that once he was apprehended the arresting officer had no right to make a search for contraband. That contention is erroneous.
If a search were made pursuant to a lawful arrest and as an incident to it, such a search would be valid and proper and would not violate constitutional rights (United States v. Rabinowitz, 339 U. S. 56). The fact that the search was made after an arrest based on an administrative warrant, for violation of parole, would not make illegal a search following an arrest pursuant to such warrant (Abel v. United States, 362 U. S. 217).
The testimony indicates after the parole officer advised Bandazzo that he had a parole warrant for his arrest, the parole officer, the defendant and the police officers proceeded to the defendant’s apartment where the defendant opened the door and all entered. In the apartment the defendant was questioned respecting the facts relating to his consorting with known criminals. His parole officer then told him he was being arrested for a violation of parole for consorting with known criminals. The defendant’s person was searched and his apartment was searched. During the course of the search in the bedroom the narcotics were discovered.
It is clear from this record that the entry into the defendant’s apartment was with his consent and the search therein was incident to his lawful arrest for parole violation. Under such circumstances there was no unreasonable search and there was no violation of the defendant’s constitutional rights (United States v. Rabinowitz, supra; People v. Loria, 10 N Y 2d 368). *82 The seizure of the contraband followed a lawful entry to effect an arrest and even though the officers did not know that the contraband was on the premises when the search started, it is nevertheless a valid seizure (Harris v. United States, 331 U. S. 145).
No New York case has been referred to relating to the rights of a parolee to claim that upon his arrest for a parole violation that a search of his person or his home would constitute an unlawful search and a seizure of contraband made contemporaneously would violate his constitutional rights. It would seem that parolee’s rights to claim that an unlawful search and seizure occurred, because of their particular status, are more circumscribed and limited than the rights of citizens not in such status. By accepting the privilege of parole, a prisoner consents to the broad supervisory and visitorial powers which his parole officer must exercise over his person and property until the time his sentence shall have expired or been terminated.
The California Court of Appeals has had occasion to pass on the issue of the rights of parolees. In People v. Denne (141 Cal. App. 2d 499) the California District Court of Appeal held that a search of a parolee’s home by a parole officer, who had reasonable cause to believe that the parolee was associating with a felon engaged in the narcotics traffic, even though the parolee was not at home at the time the search took place, and although the search was made without a warrant, where contraband was discovered, that such search was not an “ unreasonable ” search as to fall within the constitutional prohibition against unreasonable searches and seizures. To the same effect, People v. Triche (306 P. 2d 616).
In the instant case, the parole officer arrested the defendant in his apartment pursuant to a warrant of arrest for a violation of parole and a search of the apartment revealed the contraband. The parolee may not be heard to complain that his constitutional rights were violated by such incidental search.
The defendant’s motion to suppress the contraband seized is in all respects denied.