THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CRISPIN SANTOS, Appellant.

First Department, April 8, 1969.

*Joel Berger* of counsel (*Alice Daniel* with him on the brief; *Milton Adler,* attorney), for appellant.

*David Otis Fuller, Jr.,* of counsel (*Michael R. Juviler* with him on the brief; *Frank S. Hogan, District Attorney),* for respondent.

STEUER, J. On September 23, 1963, defendant was convicted of attempted criminally possessing a revolver as a felony and was sentenced to State prison for a term of one year and nine

months to three years and six months. On April 20, 1966, Santos was released on parole from Auburn State Prison. On May 8, 1966, a Police Detective received information giving him reasonable grounds for belief that Santos was dealing in stolen goods. He contacted Santos' Parole Officer, who procured a warrant for his arrest for parole violation. The two repaired to the defendant's apartment. He was not at home, but the landlady admitted them. The Parole Officer searched the apartment and several items of stolen jewelry were discovered. Santos was indicted for criminally receiving stolen property. His motion to suppress the evidence was denied and he pleaded guilty. His appeal is based on the alleged illegality of the search.

A parolee is still in legal custody (*People ex rel. Natoli* v. *Lewis,* 287 N. Y. 478). The constructive custody is continuous, during the period of parole, subject to being reduced to actual custody (*People ex rel. Cecere* v. *Jennings,* 250 N. Y. 239). And this may be done by action of the Parole Board despite the fact that the board acted upon grounds that would not support a conviction (*People ex rel. Natoli* v. *Lewis, supra*). Clearly, whatever constitutional rights a parolee may enforce, they are not equal to the rights enjoyed by one not under a similar disability. Concededly one in actual custody pursuant to lawful conviction enjoys no immunity from search of his person or his prison quarters at any time. It is unnecessary for the decision of this case to determine whether this denigration of rights goes to the same extent in the case of a parolee. Undoubtedly he is subject to a search that would be impermissible in the ordinary situation (*People* v. *Randazzo,* 15 N Y 2d 526).

The distinction is that the protection afforded by the Fourth Amendment is only against unreasonable searches, and what is reasonable in the case of a parolee is not the same as what is reasonable in the case of another (*United States* v. *Follette,* 282 F. Supp. 10). The very concept of parole entails a degree of supervision of parolees consonant with its purposes. Included within that supervision would be such searches as would reasonably be called for. It cannot be questioned that the Parole Officer had reasonable grounds for investigation as to whether the defendant here was violating his parole and that the search was a proper incident of that investigation. In that context, it was reasonable.

The judgment should be affirmed.

NUNEZ, J. (dissenting). This appeal presents the sole question of the legality of the search of a parolee's home in his absence without a warrant.

After receiving certain information of criminality, a New York City Detective contacted a Parole Officer in Hempstead, Long Island. Following a conversation with the Detective the Parole Officer obtained a parole violation warrant for appellant and then he and the Detective went to appellant's home for the purpose of executing the warrant. Upon arriving at his home they ascertained from the landlady that appellant Santos had left for work a short while before their arrival. In the appellant's absence the landlady admitted the Detective and the Parole Officer to appellant's room, and the Parole Officer searched the room. Certain jewels were found in appellant's room which the Detective stated as fitting the description of stolen property he had been looking for.

Following the search and the seizure of the jewels, the Detective and the Parole Officer went to appellant's place of employment and arrested appellant, thus executing the parole warrant. Appellant was thereafter indicted for criminally buying and receiving stolen property as a felony and criminally concealing and withholding wrongfully acquired property as a felony. Appellant moved to suppress the property found in his room subject matter of the indictment as constituting illegally seized evidence. Following the denial of that motion, defendant pled guilty to the crime of attempted criminal concealment and withholding of stolen property as a felony and received a sentence of 2½ to 5 years' imprisonment.

The court below denied the motion to suppress and upheld the legality of the search, relying upon *People* v. *Randazzo* (15 N Y 2d 526 [1964], cert. den. 381 U. S. 953 [1965]).

On April 20, 1966 appellant, as a condition to his release on parole, signed a document labeled "Supplemental Certificate of Release on Parole" reading as follows: "In consideration of being granted parole, I understand I am still in the custody of the superintendent or warden of the institution from which I am being paroled and I consent to any search of my person, my residence or any property or premises under my control". The court below specifically held that the search would have been valid even in the absence of the above consent and that the document merely expressed appellant's awareness that being a parolee he was in technical custody of the Warden and that the Warden or the Parole Officers had as much right to go into his home or apartment as they did to go into his cell when he was in the penal institution.

The supplemental certificate of release should not be held to constitute a valid waiver of appellant's constitutional rights. He is entitled to every reasonable presumption against waiver

of fundamental constitutional rights, and the courts may not lightly presume acquiescence in the loss of such rights (*Johnson v. Zerbst,* 304 U. S. 458, 464 [1938]).

The Supreme Court has recently declared unconstitutional State procedures which coerce or needlessly encourage waiver of constitutional rights by granting special benefits in consideration for the waiver or by imposing penalties for failure to waive. (*United States v. Jackson,* 390 U. S. 570 [1968] [waiver of right to jury trial in order to avoid the death penalty]; *Garrity* v. *New Jersey,* 385 U. S. 493 [1967] [waiver of the privilege against self incrimination in order to avoid job forfeiture].) In *Garrity* the court said (p. 498): " Where the choice is ' between the rock and the whirlpool ' duress is inherent in deciding to ' waive ' one or the other."

Can anyone question that appellant was under duress when he was requested to sign the supplemental certificate of release as a condition to release from State prison?

Our own court recently recognized the invalidity of waiver under such circumstances in *Matter of Saunders* v. *Lupiano* (30 A D 2d 803 [1968]), where we held that a defendant could not be required to waive his right to a jury trial in order to become eligible for youthful offender treatment.

The facts in this case are substantially different from the facts in *Randazzo.* Appellant's home was searched in his absence prior to any arrest without a search warrant and with no justification whatsoever other than his status as a parolee. In *Randazzo* the defendant was arrested in his apartment for parole violation, and incident to that arrest a search of the apartment was conducted. Our Supreme Court, in denying the motion to suppress in *Randazzo,* specifically stated that " the parolee may not be heard to complain that his constitutional rights were violated by such incidental search " (*People* v. *Randazzo,* 37 Misc 2d 80, 82 [Sup. Ct., N. Y. County, 1962]).

In affirming the denial of the motion to suppress in *People* v. *Randazzo* (15 N Y 2d 527), the Court of Appeals stated: " Judgment affirmed. Defendant-appellant, as a parolee, was deprived of no constitutional rights by the search and seizure which was made under the circumstances of this case (*People ex rel. Natoli* v. *Lewis,* 287 N. Y. 478; *Anderson* v. *Corall,* 263 U. S. 193)."

" The circumstances " of the *Randazzo* case were that the search was conducted as an incident to the parolee's arrest. This most important circumstance was underscored by Chief Judge DESMOND who concurred " solely on the ground that the search of the parolee's apartment was incidental to his arrest on

a valid administrative warrant." (15 N Y 2d 526, 527; cf. *People* v. *Laverne,* 14 N Y 2d 304 [1964].)

The Federal courts have on many occasions held that a parolee is entitled to constitutional protection against unreasonable search and seizure (*United States* v. *Hallman,* 365 F. 2d 289 [C. A. 3d, 1966]; *Brown* v. *Kearney,* 355 F. 2d 199 [C. A. 5th, 1966]; *Martin* v. *United States,* 183 F. 2d 436 [C. A. 4th, 1950], cert. den. 340 U. S. 904; *United States* v. *Lewis,* 274 F. Supp. 184 [U. S. Dist. Ct. S. D., N. Y., 1967]).

In upholding the legality of the search in this case without a warrant and without an arrest, the court is in effect holding that appellant, due to his status as a parolee, has no constitutional rights against any intrusion under any circumstances. We must not lose sight of the fact that the seized evidence was not here used in a violation of parole proceeding but that it was used against appellant in a new criminal prosecution. If the Fourth Amendment is the core of the conception of ordered liberty, exceptions should not be lightly carved out for anyone, including those enjoying liberty in the name of parole.

For the reasons herein stated, I dissent and vote to reverse the order denying appellant's motion to suppress and grant the motion to suppress, reverse the conviction and remand for further proceedings on the indictment.

EAGER, J. P., and CAPOZZOLI, J., concur with STEUER, J.; NUNEZ, J., dissents in opinion.

Judgment affirmed.