**UNITED STATES of America ex rel. Crispin SANTOS, Relator-Appellant,**

v.

**NEW YORK STATE BOARD OF PAROLE, Respondent.**

**No. 793, Docket 35169.**

United States Court of Appeals, Second Circuit.

Argued April 20, 1971.

Decided May 13, 1971.

Joel Berger, New York City (Milton Adler, The Legal Aid Society, New York City, on the brief), for relator-appellant.

Joel H. Sachs, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., Frank I. Strom II, Deputy Asst. Atty. Gen., on the brief), for respondent-appellee.

Before FRIENDLY and ANDERSON, Circuit Judges, and LEVET, District Judge.*

LEVET, District Judge:

The question for review in this case is whether the appellant, a parolee under the custody of the New York State Board of Parole, was deprived of his Fourth Amendment rights by a search of his residence in Hempstead, New York, without a warrant, conducted by his parole officer in the presence of a police officer after which evidence seized was used by the police for purposes of a new prosecution rather than for the revocation of appellant's parole.

On May 8, 1966, a New York City detective received information which provided him with reasonable grounds to believe that appellant, a parolee, was "dealing" in stolen goods. The detective informed appellant's parole officer of this fact. After a review of appellant's file, the parole officer obtained a parole violation warrant, believing that there was more than reasonable grounds to conclude that Santos had lapsed into criminal activity.

Thereafter, the parole officer, accompanied by the detective, visited appellant's apartment for purposes of executing the warrant. Santos was not at home; the landlady admitted both officers to his apartment. The parole officer searched the apartment without a search warrant and discovered several items of stolen property. The detective did not assist in the search.

Twenty minutes after the search, the appellant was arrested. At the time of the search and the arrest, there were no courts open from which a search warrant could be obtained.

Prior to pleading guilty, appellant moved to suppress the seized evidence, contending that it was obtained in violation of his Fourth Amendment rights. This motion was denied. This determination was affirmed by the Appellate Division in People v. Santos, 31 A.D.2d 508, 298 N.Y.S.2d 526 (First Department 1969). The New York Court of Appeals unanimously affirmed that decision without opinion, 25 N.Y.2d 976, 305 N.Y.S.2d 365, 252 N.E.2d 861 (1970). On March 2, 1970, a petition for a writ of certiorari was denied by the Supreme Court of the United States, 397 U.S. 969, 90 S.Ct. 1010, 25 L.Ed.2d 263. Thereafter, the appellant commenced this collateral attack by petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Judge Murphy of the Southern District of New York denied that petition. United States of America ex rel. Crispin Santos v. New York State Board of Parole, 70 Civ. 1370, Memorandum of Murphy, D.J., June 5, 1970. From that decision, Santos has appealed to this court.

Appellant contends that the Fourth Amendment bestows on parolees rights

* Of the United States District Court for the Southern District of New York, sitting by designation.

coextensive with those guaranteed to ordinary citizens.

■ Without attempting to define precisely the extent of Fourth Amendment protection against searches and seizures which a parolee might have in the abstract, it is indisputable that the Fourth Amendment affords protection only against unreasonable searches. A search which would be unlawful if directed against an ordinary citizen may be proper if conducted against a parolee. United States ex rel. Randazzo v. Follette, 418 F.2d 1319, 1322, n. 7 (2nd Cir. 1969).

As Mr. Justice Steur stated in the Appellate Division's review of the present case:

"* * * The very concept of parole entails a degree of supervision of parolees consonant with its purposes. Included within that supervision would be such searches as would reasonably be called for. It cannot be questioned that the parole officer had reasonable grounds for investigation as to whether the defendant here was violating his parole and that the search was a proper incident of that investigation. In that context, it was reasonable." People v. Santos, *supra* 31 A.D.2d at 509, 298 N.Y.S.2d at 528.

The Board of Parole in New York State is charged with the duty of "* * * supervising all prisoners released on parole * * * and of making such investigations as may be necessary in connection therewith, of determining whether violation of parole conditions exists in specific cases and of deciding the action to be taken with reference thereto." (New York Correction Law, McKinney's Consol. Laws, c. 43, § 210.) In order to discharge its statutory duty, the Board must obtain all the facts and circumstances surrounding a parole violation. This requires that parole officers be vested with authority to search parolees in situations which would be impermissible if directed against ordinary citizens.

■ Appellant asserts that the search in question cannot be fairly characterized as a mere act of routine parole supervision since the evidence obtained by his parole officer was utilized in a new criminal prosecution rather than to revoke his existing parole. Thus, appellant contends that his parole officer was not merely seeking to ascertain proof of a parole violation but was acting as an agent of the police to enable them to circumvent constitutional requirements that would otherwise be applicable had they investigated Santos without the assistance of the parole officer. This argument overlooks the fact that a parolee is released on the assumption that not only will he meet the conditions of his parole, but that he will "live and remain at liberty without violating the law" (New York Correction Law § 213). A parole officer is charged with the duty of enforcing these conditions. To hold that evidence obtained by a parole officer in the course of carrying out this duty cannot be utilized in a subsequent prosecution because evidence obtained directly by the police in such a manner would be excluded, would unduly immunize parolees from conviction.

The mere fact that the police officer was the first to suspect that appellant was engaged in criminal activity and related this fact to the parole officer and was present at the subsequent investigation in no way alters the legality of the parole officer's presence. It does not require the suppression of the seized evidence from use in a subsequent criminal prosecution.

While appellant relies on expressions in United States ex rel. Sperling v. Fitzpatrick, 426 F.2d 1161, 1164 (2nd Cir. 1970), that "parolees are * * * not without constitutional rights," the decision held that evidence illegally seized by police officers, acting independently of the parole authorities, need not be excluded from a parole revocation proceeding. Even assuming that a parolee is accorded protection with respect to police misconduct, an assumption which apparently led the state court to exclude

the evidence seized from Sperling in a new prosecution, see *id.*, at 1162, n. 2, we are here confronted with the quite different question of whether evidence properly seized by a parole officer may be used in a subsequent prosecution. While appellant suggests the danger that the police will employ a parole officer as a device for shortcutting procedures constitutionally mandated with respect to the citizenry at large, the evidence here indicates that the parole officer's participation was substantial.

The order of the district court is affirmed and the petition for a writ of habeas corpus is dismissed.