**Randy HOLLEN, Plaintiff,**

v.

**BUREAU OF CORRECTIONS, Defendant.**

**No. 82–C–527.**

United States District Court, E.D. Wisconsin.

June 29, 1983.

Randy Hollen, pro se.

Bronson F. LaFollette, Wis. Atty. Gen. by Robert D. Repasky, Asst. Atty. Gen., Madison, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Proceeding pro se, the plaintiff brought this civil rights suit alleging that his constitutional rights were violated when his parole officer and a detective searched his hotel room without a warrant and in his absence. The plaintiff asks for $10 million in damages. The defendants have moved to dismiss. Despite being given several opportunities to respond, the plaintiff has not filed a brief in opposition to the motion.

The defendant named in the caption of the complaint is the "Bureau of Corrections." Dismissal is sought on the basis that the bureau is an arm or agency of the state of Wisconsin and as such is not subject to a suit for money damages pursuant to the provisions of the eleventh amendment. The motion to dismiss will be granted as to the Bureau of Corrections. *See Euster v. Pennsylvania State Horse Racing Commission,* 431 F.Supp. 828, 830 (E.D.Pa. 1977).

In the body of the complaint, Don Vogt, "Parole Agent," is named as a defendant. Dismissal is sought as to Mr. Vogt on the basis that the complaint fails to state a cause of action.

The complaint alleges that the plaintiff returned to his hotel room at about 11 A.M. and found Mr. Vogt and a detective searching his room for a video recorder Mr. Hollen was suspected of stealing. The recorder was not found, but the search uncovered a variety of drugs and stolen goods. The

discovery of these items led to revocation of the plaintiff's parole.

The courts of appeal that have ruled on the question of a parolee's fourth amendment rights have adopted varying approaches. *See United States v. Scott,* 678 F.2d 32, 33–34 (5th Cir.1982) (discussion of range of approaches). The most common view among courts that have recently addressed the topic appears to be that the parolee is not completely outside the protection of the fourth amendment, but he has a lesser expectation of privacy than the ordinary citizen. *See, e.g., Scott; Latta v. Fitzharris,* 521 F.2d 246 (9th Cir.1975); *United States ex rel. Santos v. New York State Board of Parole,* 441 F.2d 1216 (2d Cir.1971). Applying a general requirement of "reasonableness" to searches of a parolee's residence, courts have approved such searches conducted in the absence of the parolee, without his permission, and without a warrant. *See, e.g., Latta; Santos.*

The court of appeals for the seventh circuit does not appear to have ruled on the question of a parolee's rights in regard to searches by his parole agent. However, there is Wisconsin case law that adopts the "reasonableness" approach just described. *See State v. Tarrell,* 74 Wis.2d 647, 247 N.W.2d 696 (1976).

Applying the "reasonableness" standard and notwithstanding the liberal interpretation required by *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), I find that the complaint fails to state a cause of action. Under the case law referred to above, the mere fact that the search was conducted in the parolee's absence and without his permission does not make it unreasonable. The search is alleged to have occurred during daylight hours and to have been based on a suspicion that the plaintiff had stolen a video recorder. The plaintiff makes no claim that this suspicion was unreasonable or without basis. The search did in fact result in the discovery of a number of contraband materials. Nothing in the complaint suggests that the search was unreasonable.

The facts alleged by the plaintiff are very similar to those involved in the *Santos* case. Like the court in that case, I will grant the defendants' motion to dismiss.

Therefore, IT IS ORDERED that the motion of the defendants to dismiss the complaint be and hereby is granted.

IT IS ALSO ORDERED that this case be and hereby is dismissed.