UNITED STATES of America, Plaintiff,

v.

Scott E. ANDERSON, Defendant.

No. CR 94–40010.

United States District Court,
D. South Dakota,
Southern Division.

June 3, 1994.

Thomas J. Wright, Sioux Falls, SD, for plaintiff.

Patrick A. Weisensee, Souix Falls, SD, for defendant.

## MEMORANDUM OPINION

PIERSOL, District Judge.

Defendant Scott E. Anderson has filed a motion to suppress and the government resists. For the reasons discussed below, the Court grants the motion.

Defendant was convicted of aggravated assault in state court on April 26, 1993, and was sentenced to three years in prison. On October 26, 1993, defendant and South Dakota Parole Agent David Geffre signed a parole agreement in which defendant agreed, among other things, to obey all laws; agreed to submit to the search of his person, property, and place of residence at any time without a search warrant whenever the parole agent ascertained reasonable cause; agreed to allow his parole agent to visit in his home, at his employment site, or elsewhere; and agreed not to consume alcoholic beverages. (Gov't. ex. 1.)

According to the government, Geffre received information that defendant was drinking alcoholic beverages while on parole. On January 26, 1994, Geffre and Parole Director Walter Leapley visited defendant at his home in Flandreau, within the boundaries of the Flandreau Santee Sioux Indian Reservation, to investigate the drinking allegation. Geffre opened a kitchen cupboard and found a loaded firearm and a bottle of whiskey. According to the government, defendant admitted that the gun was his, that he had it for protection, and that he had intended to tell Geffre about it but was afraid he would get in trouble. The government states that, in a separate interview, defendant's mother acknowledged that defendant had asked for the pistol, saying that he was going to clean it. The federal grand jury subsequently indicted defendant on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).

Defendant now moves to suppress the evidence seized from his residence, all evidence directly derived from the entry and search, and all testimony regarding the entry and search by the parole agents or any other police officer or agent. By affidavit defendant states that he is a Native American and is an enrolled member of the Flandreau Santee Sioux Indian Tribe. (Doc. 16.) Nancy Herrick, Assistant Director of Housing for the Flandreau Santee Sioux Housing Authority, attests from personal knowledge that defendant's residence is "located on the Flandreau Santee Sioux Indian Reservation which is Indian Trust Property." Defendant argues that the state parole officers lacked jurisdiction to conduct a warrantless search of his home in Indian country, relying on *Ross v. Neff,* 905 F.2d 1349 (10th Cir.1990) (holding that county law enforcement officers lacked jurisdiction to arrest Indian at ballpark located on Indian trust land); *United States v. Baker,* 894 F.2d 1144 (10th Cir. 1990) (reversing conviction where deputy sheriff executed state search warrant on property rented by enrolled Indian and located within exterior boundaries of tribal lands); and *State v. Spotted Horse,* 462 N.W.2d 463 (S.D.1990) (holding that State of South Dakota does not have criminal jurisdiction over Indians in Indian country).

The government argues that *Baker* and *Ross* are factually distinguishable because here defendant was on conditional parole from the state penitentiary under S.D.Codified Laws Ann. § 24–15–1.1 (Gov't ex. 2), and he remained in the legal custody of the state under S.D.Codified Laws Ann. § 24–15–13. (Gov't ex. 3.) The government argues that individuals on parole are subject to greater Fourth Amendment restrictions than ordinary citizens, *see e.g., Griffin v. Wisconsin,* 483 U.S. 868, 874, 107 S.Ct. 3164, 3168, 97 L.Ed.2d 709 (1987) (stating that probationers and parolees are entitled only to conditional liberty dependent upon observance of special restrictions), and that individuals on parole need greater supervision than others because they have already been adjudged in need of incarceration. *United States v. Hill,* 967 F.2d 902, 909 (3d Cir.1992). The government asserts that the parole agent is duty bound to investigate allegations of impropriety by a parolee, even if that investigation takes the

agent into the parolee's home, relying on *Latta v. Fitzharris,* 521 F.2d 246, 250–52 (9th Cir.1975); *Hill,* 967 F.2d at 911. Finally, the government argues that a parolee should not be permitted to avoid his written obligation to submit to searches by claiming he was in Indian country and that policy considerations weigh against granting the suppression motion.

"Parole is the discretionary conditional release of an inmate from actual penitentiary custody before the expiration of his term of imprisonment." S.D.Codified Laws Ann. § 25–15–1.1 (Supp.1994). The parolee remains in the legal custody of the state Department of Corrections until his term of imprisonment expires. S.D.Codified Laws Ann. §§ 24–15–1.1 and 24–15–13 (Supp.1994). The Department of Corrections exercises supervision over the parolee through its supervising officers. S.D.Codified Laws Ann. § 24–15–14 (Supp.1994).

"[A] parole officer, of necessity, must have investigative powers to gather information about the parolee's activities, environment and social contacts." *United States v. Thomas,* 729 F.2d 120, 123 (2d Cir.1984). Often such information can only be obtained by activities like searches that invade the parolee's privacy to an extent that " 'would be unlawful if directed against an ordinary citizen.' " *Id.* (quoting *United States ex. rel. Santos v. New York State Board of Parole,* 441 F.2d 1216, 1218 (2d Cir.1971), *cert. denied,* 404 U.S. 1025, 92 S.Ct. 692, 30 L.Ed.2d 676 (1972)). "[A] warrantless parole search does not run afoul of the Fourth Amendment when the parole officer reasonably believes such search is necessary in the performance of his duties." *Latta v. Fitzharris,* 521 F.2d 246, 250–52 (9th Cir.) (en banc), *cert. denied,* 423 U.S. 897, 96 S.Ct. 200, 46 L.Ed.2d 130 (1975). Defendant does not argue the state parole officers here lacked a reasonable belief that a search was necessary in the performance of their duties. He contends only that the parole officers lacked jurisdiction to conduct the search in Indian country.

The parties have not cited, and the Court has not located, a case directly on point. The law is clear, however, that the State of South Dakota cannot exercise criminal jurisdiction in Indian country. *Rosebud Sioux Tribe v. South Dakota,* 900 F.2d 1164, 1170–71 (8th Cir.1990) (holding that state failed to assume even partial jurisdiction in compliance with Public Law 280); *State v. Spotted Horse,* 462 N.W.2d 463, 467 (S.D.1990). The state exercised its criminal jurisdiction to convict and incarcerate defendant on a state charge, and defendant does not here dispute the validity of that conviction. By operation of state law, defendant remained in the legal custody of the state upon his parole, and supervisory agents employed by the state Department of Corrections undertook supervision of defendant following his release. Parole agents have power to arrest parolees when they violate parole conditions, S.D.Codified Laws Ann. § 24–15–21 (Supp.1994), and a consequence of parole violation can be reincarceration. S.D.Codified Laws Ann. § 24–15–24 (1988). The South Dakota parole agents had no standing or position other than that of private citizens once they were in Indian country. Under the authority of *Rosebud Sioux Tribe* and *Spotted Horse,* the parole agents lacked criminal jurisdiction to conduct a warrantless search of defendant's residence in Indian country. Defendant's general written consent to visits by parole agents in his home cannot alter this fundamental jurisdictional principle.

Accordingly, IT IS ORDERED that defendant's motion to suppress is granted. (Doc. 14.) All evidence seized by state parole agents from defendant's residence located within Indian country, all evidence directly derived from the entry and search of defendant's residence in Indian country by state parole agents, and all testimony by state parole agents or other law enforcement officers regarding the entry and search of defendant's residence are suppressed.