11-0228
Haynes v. Zaporowski

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

**S U M M A R Y   O R D E R**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 2nd day of April,  two thousand thirteen.

Present:     AMALYA L. KEARSE,
              SUSAN L. CARNEY,
               J. CLIFFORD WALLACE[*],

                          Circuit Judges.

_____

TIMMIE L. HAYNES,

                          Plaintiff-Appellant,

                      - v. -                                    No. 11-0228


DAVID ZAPOROWSKI, New York State Parole Officer, Supervisors of David Zaporowski, New York State Division of Parole, BOBBIE HUWYLER, JENNY L. WELENTA, Special Agent, ROBERTA KANE, Special Agent,

                          Defendants-Appellees.
_____

---

*       Honorable J. Clifford Wallace, <u>Judge</u>, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.



Appearing for Appellant: Arthur S. Linker, Daniel A. Edelson, Katten Muchin Rosenman, N.Y., N.Y.

Appearing for Appellees
Kane and Welenta: William J. Hochul, Jr., United States Attorney, for the Western District of New York, Michael S. Cerrone, Assistant United States Attorney, Buffalo, N.Y.

Appearing for State
Appellees: Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Zainab A. Chaudhry, Assistant Solicitor General, Albany, N.Y.

Appeal from the United States District Court for the Western District of New York.

This cause came on to be heard on the record from the United States District Court for the Western District of New York, and was submitted.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed in part and vacated and remanded in part.

Plaintiff Timmie L. Haynes appeals from a judgment of the United States District Court for the Western District of New York, Richard J. Arcara, Judge, dismissing his amended complaint against defendants David Zaporowski et al. for alleged violations of federal and state law in connection with searches and seizures of Haynes's property by Zaporowski, his parole officer. The district court granted defendants' motions to dismiss the amended complaint for failure to state a claim on which relief can be granted. On appeal, Haynes contends principally that he adequately pleaded (1) that Zaporowski's warrantless searches and seizures violated his rights under the Fourth Amendment to the Constitution, as made applicable to the states under the Fourteenth Amendment, on the grounds (a) that the searches were not reasonably related to Zaporowski's duties as a parole officer, and (b) that the searches were conducted as a means for federal law enforcement officers to obtain information without a warrant, and (2) that the seizure of Haynes's legal papers violated his constitutional right of access to the courts. Haynes also contends that even if his federal claims were properly dismissed, the district court should have declined to exercise supplemental jurisdiction over his state-law claims. For the reasons that follow, we conclude that the amended complaint, with all reasonable factual allegations and reasonable inferences therefrom taken as true, failed to state a plausible federal claim, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and we therefore affirm so much of the judgment as dismissed Haynes's federal claims. However, we agree with Haynes that the district court should have declined to exercise supplemental jurisdiction over his state-law claims, and we remand for entry of an amended judgment dismissing those claims without prejudice. We assume the parties' familiarity with the underlying facts and procedural history of the case.

A. Fourth Amendment Claims

Inherent in authorized postconviction supervision is a diminution of the probationer's right to privacy. See, e.g., Samson v. California, 547 U.S. 843, 852 (2006); United States v. Knights, 534 U.S. 112, 121 (2001); Griffin v. Wisconsin, 483 U.S. 868, 874-75 (1987). "When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity," the officer's search of the probationer's residence without a warrant does not violate the Fourth Amendment. Knights, 534 U.S. at 121; see, e.g., People v. Huntley, 43 N.Y.2d 175, 179, 401 N.Y.S.2d 31, 33 (1977) ("Huntley") ("parolee's constitutional right to be secure against unreasonable searches and seizures is not violated when his apartment is searched, without a search warrant, by his parole officer if the latter's conduct is rationally and reasonably related to the performance of his duty as a parole officer"); United States v. Newton, 369 F.3d 659, 666 (2d Cir. 2004) ("Huntley's articulation of a reasonable relationship rule for warrantless parole searches is 'coextensive with the requirements of the Fourth Amendment.'" (quoting United States v. Grimes, 225 F.3d 254, 259 n.4 (2d Cir. 2000))).

A parole board, "[i]n order to discharge its statutory duty, . . . must obtain all the facts and circumstances surrounding a parole violation." United States ex rel. Santos v. New York State Board of Parole, 441 F.2d 1216, 1218 (2d Cir. 1971). Thus, this Court "ha[s] long recognized a duty on the part of the parole officer to investigate whether a parolee is violating the conditions of his parole." United States v. Reyes, 283 F.3d 446, 459 (2d Cir. 2002) ("Reyes").

Here, Haynes had completed serving a prison term in 2008 and was subject to parole supervision from January 2008 until at least June 2009; on July 3, 2008, he was arrested and detained for violating his parole; the parole violation charges were upheld by the New York State Division of Parole on August 28, 2008. Zaporowski searched Haynes's apartment on July 9, 2008, and on July 31, 2008. Although Haynes alleged that Zaporowski conducted the searches as revenge for Haynes's pursuit of a lawsuit against another parole officer--and contended in addition that there could be no basis for searching his apartment while he was detained--those assertions, in light of the above principles, provided no plausible basis for a Fourth Amendment claim given that the searches and seizures were conducted by the parole officer while parole-violation charges against Haynes were pending.

For largely the same reason, the amended complaint failed to state a plausible claim against Zaporowski or defendants Jenny L. Welenta and Roberta Kane, law enforcement agents of federal agencies, on the basis of Haynes's assertion that Zaporowski conducted the searches and seizures "as an investigator and agent for" the federal agents "and not for any reason otherwise reasonably and substantially related to parole supervision" (Haynes brief on appeal at 25; see, e.g., amended complaint at 5, 9). Although Zaporowski seized documents that he promptly turned over to Welenta, and the United States subsequently brought criminal charges against Haynes, "the objectives and duties of probation officers and law enforcement personnel are unavoidably parallel and are frequently intertwined," Reyes, 283 F.3d at 463. As indicated above, Zaporowski's duties as a parole officer included investigation into the parole-violation charges pending against Haynes.

Further, the terms of Haynes's parole prohibited his commission of any crime for which he could be imprisoned, whether state or federal. Given that documents attached to the amended complaint showed

3

that Zaporowski on multiple occasions had observed Haynes walking and driving without assistance and that Zaporowski knew that Haynes was collecting disability benefits from the Veterans Administration, the amended complaint could not plausibly allege that Zaporowski had no basis for seeking to determine whether Haynes was violating conditions of his parole by defrauding the federal government.

## B. The Access-to-the-Courts Claim

Nor do we find merit in Haynes's challenge to the dismissal of his claim that Zaporowski's seizure of Haynes's legal papers violated Haynes's constitutional right of access to the courts. In order to prevail on such a claim, the plaintiff must establish, inter alia, "actual injury," i.e., that the defendant's actions "'hindered [the plaintiff's] efforts to pursue a legal claim.'" Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (quoting Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997)). The "actual injury" element of a court-access claim "derives ultimately from the doctrine of standing." Lewis v. Casey, 518 U.S. 343, 349 (1996). Although Haynes claimed that the seizure of his legal papers hindered his state-court appeal from a July 2007 order granting him a de novo parole release hearing, that assertion is refuted by the state court records.

Haynes's appeal from the July 2007 order was initially dismissed because of his failure to perfect the appeal. However, that dismissal--whether it occurred before or after Zaporowski seized Haynes's legal papers--did not cause Haynes injury. Haynes moved to have the dismissal vacated, and his motion was granted on the condition that he perfect the appeal by May 22, 2009. See Haynes v. Alexander, No. CA 07-01877, 2009 WL 775062 (N.Y. App. Div. 4th Dep't Mar. 23, 2009). Thereafter, Haynes's reinstated appeal was considered and rejected. The Appellate Division ruled that Haynes's appeal from the judgment "ordering a de novo hearing must be dismissed" because Haynes "ha[d] since been released to parole supervision and potential discharge, thus rendering the appeal moot." Haynes v. Alexander, 66 A.D.3d 1348, 1348, 885 N.Y.S.2d 681, 681 (4th Dep't 2009). Although Haynes's appeal was moot, nothing Zaporowski did rendered it so. Haynes's release on parole had occurred in January 2008, some six months before the seizure of his legal papers. Accordingly, the amended complaint could not plausibly allege injury from the seizure of his legal papers, and Haynes thus had no standing to pursue such a claim.

We have considered all of Haynes's contentions in support of his federal claims and have found them to be without merit. Although Haynes requests permission to file a further amended complaint, we decline this request, both because he did not request such permission in the district court and because the futility of further amendment is demonstrated by documents that were attached to Haynes's amended complaint.

## C. The State-Law Claims

A district court that has jurisdiction over claims raising federal questions also has discretion to exercise supplemental jurisdiction over state-law claims that otherwise could not properly be brought in federal court. See 28 U.S.C. § 1367. "In most circumstances, a district court should decline supplemental jurisdiction if all federal claims have been dismissed at the pleading stage." Lerner v. Fleet

4

Bank, N.A., 318 F.3d 113, 130 (2d Cir. 2003); see, e.g., Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims").

Although the district court in the present case, in addressing Haynes's challenges to the constitutionality of Zaporowski's searches, stated that "[o]n th[e] basis [of Huntley] alone," Haynes "does not have any cognizable claim," Decision and Order dated December 22, 2010, at 2, the court did not expressly address Haynes's state-law claims. We conclude that, as all federal claims were dismissed for failure to state a claim, the court should have declined to entertain supplemental jurisdiction over Haynes's state-law claims, and the judgment should have dismissed the latter claims without prejudice.

For the reasons stated above, we affirm so much of the judgment as dismissed Haynes's federal claims; we remand for entry of an amended judgment stating that the state-law claims are dismissed without prejudice.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court