GEORGE LAVERN ALLAN, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 17970

November 30, 1987                                     746 P.2d 138

*Rick Lawton* and *Ed Irvin,* Fallon, for Appellant.

*Daniel L. Papez,* District Attorney, and *Mark L. Gentile,* Deputy District Attorney, White Pine County, for Respondent.

---

# OPINION

*Per Curiam:*

Appellant George Lavern Allan ("Allan"), an ex-felon, was convicted of two counts of illegal possession of a firearm. NRS 202.360.[1] Allan raises two issues on appeal: First, he alleges that the search of his home, to procure illegally possessed weapons, was conducted to secure evidence in connection with a pending sex investigation. Allan alleges that the items seized from the house should be suppressed because the search was in violation of his parole agreement.

Secondly, Allan alleges that the district court erred when it allowed the State to introduce evidence of a statement taken in violation of Miranda v. Arizona, 384 U.S. 436, 16 L.Ed. 694 (1966). The statement taken was admitted for the limited purpose of impeachment. The United States Supreme Court held in the case of Harris v. New York, 401 U.S. 222 (1971), that such a statement is admissible. We follow that ruling.

## THE·FACTS

On September 1, 1986, acting on an informant's tip that Allan was in possession of two weapons, Allan's parole officer, a

---

[1]NRS 202.360 states:

   1. A person who has been convicted of a felony in the State of Nevada, or in any one of the states of the United States of America, or in any political subdivision thereof, or of a felony in violation of the laws of the United States of America, unless he has received a pardon and his right to bear arms was specifically restored, shall not own or have in his possession or under his custody or control any firearm.

   2. Any person who violates the provisions of this section shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years, and may be further punished by a fine of not more than $5,000.

detective, and two officers, proceeded to Allan's home to conduct a search. Among the items seized were two rifles, and a large quantity of homosexual pornography. Allan was arrested and advised of his constitutional rights.

Allan was interviewed on the afternoon of his arrest. When the interviewing detective was reading Allan his *Miranda* rights, Allan interrupted the officer saying, "I knew I shouldn't have had them," referring to the guns seized at his home. The statement was recorded on videotape.

Prior to trial, a suppression hearing was held concerning the admission of the videotape. The district court ordered the tape suppressed. The court ruled that the statements were taken in violation of Allan's *Miranda* rights. Later, during trial, Allan gave testimony directly contradicting statements on the video-tape. The State, then, over Allan's objection, introduced that part of the videotape which was inconsistent with Allan's statements. Allan was thereafter found guilty on both counts. This appeal followed.

## DISCUSSION

Allan argues that the district court erred by denying his pretrial motion to suppress all evidence seized in the predawn search of his home. Allan suggests that the search to procure the guns, was a ruse to gain legal admission into his home to search for the recovered pornographic materials. Allan's assertion is meritless.

A parole officer must have reasonable grounds to believe a violation of a parole agreement has occurred to justify a warrant-less search. Seim v. State, 95 Nev. 89, 590 P.2d 1152 (1979). In this case, the parole officer was given credible information that Allan was in possession of firearms, a direct violation of the parole agreement. The parole officer, accompanied by other law enforcement personnel, searched Allan's home for the guns. Two high-powered rifles were retrieved and Allan was tried and convicted pursuant to NRS 202.360. There is no reason to disturb that conviction.

Allan also alleges that his statement, "I knew I shouldn't have had them [the guns]" was erroneously admitted at trial to impeach his testimony because the statement was taken in violation of his *Miranda* rights. We have not had previous occasion to decide whether an otherwise inadmissible statement, taken in violation of *Miranda,* may be admitted for the limited purpose of impeaching a defendant's testimony. The United States Supreme Court has addressed this issue in the case of Harris v. New York, *supra.* In *Harris,* a case involving a defendant charged with two

counts of selling heroin, the Supreme Court held that an otherwise inadmissible statement may be received in evidence for the limited purpose of impeachment. The court reasoned that:

> Every criminal defendant is privileged to testify in his own defense, or to refuse to do so. But that privilege cannot be construed to include the right to commit perjury. See *United States v. Knox,* 396 U.S. 77 (1969); cf. *Dennis v. United States,* 384 U.S. 855 (1966). . . . The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances. 401 U.S. at 225-26.

Even assuming appellant's statement was elicited in a manner that offended *Miranda,* an assumption we do not necessarily endorse, we find the court's reasoning in *Harris* compelling in the present case. Allan made statements at trial which directly contradicted his statements previously made to the police. He sought to deny responsibility for those statements by invoking *Miranda.* The shield of Miranda is not a license for perjury.

Accordingly, we find that the district court did not err by admitting Allan's inconsistent videotaped statements for the limited purpose of impeachment. Therefore, the multiple convictions of Allan on both weapons counts are hereby affirmed.