## UNITED STATES of America, Plaintiff–Appellee,

v.

## Delven Earl RASBERRY, Defendant–Appellant.

No. 06–10700.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 2, 2007.

Amber M. Craig, Esq., Office of the U.S. Attorney Lloyd George Federal Bldg., Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: BRUNETTI, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Delven Earl Rasberry appeals the denial of his motion to suppress evidence of cocaine distribution discovered during a parole search of his home. He argues that his positive test for marijuana and prior convictions for drug-related offenses did not give the parole officer reasonable cause to conduct the search. We affirm.

A parolee's reasonable expectation of privacy under the Fourth Amendment is defined by the conditions of his parole. *See Samson v. California,* 547 U.S. 843, 126 S.Ct. 2193, 2199, 165 L.Ed.2d 250 (2006). As a Nevada parolee, Rasberry was prohibited from possessing narcotics and was subject to search "upon reasonable cause as ascertained by [his] Parole Officer." Reasonable cause, as defined by Nevada courts, includes "reasonable grounds to believe a violation of a parole agreement has occurred." *Allan v. State,* 103 Nev. 512, 746 P.2d 138, 140 (1987). Because Rasberry's positive drug screen for marijuana gave his parole officer a reasonable belief that he had violated the narcotics condition of his parole, the

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

search of Rasberry's apartment violated no reasonable expectation of privacy.

AFFIRMED.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.