## No. 26061

## The People of the State of Colorado v. Alvin Lee Anderson

(536 P.2d 302)

Decided June 2, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Richard L. Tegtmeier, Deputy, Larry S. Pozner, Deputy, for defendant- appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Alvin Lee Anderson was tried by a jury and convicted of felony-theft (receiving). 1971 Perm. Supp., C.R.S. 1963, 40-4-401.[1] On appeal, he asserts that the trial court erred in not granting his motion to suppress two merchandise tags which were seized when his apartment was searched. He also alleges that a statement which he made following his arrest should not have been admitted as evidence. We affirm.

Anderson, a parolee, was under the supervision of Ronald Truax, an agent of the Colorado Division of Parole. On September 11, 1972, Truax met with the defendant Anderson's wife, who was also on parole, to determine whether or not she had violated her parole. In the course of the interview, Anderson's wife informed the parole officer that Anderson was living with her at her East Fountain address. Truax concluded that Anderson violated his parole by not reporting his change of address. He went to the apartment of Anderson's wife, and the apartment manager admitted him to the apartment. His search of the apartment indicated to him that a male was living there. In the course of his search, he saw three merchandise tags on the kitchen counter which he picked up and delivered to a detective on the Colorado Springs police force. The detective ascertained that two of the tags were traceable to stolen merchandise.

Based on the information supplied by Truax and the merchandise tags, a search warrant was obtained, and a television set which was in the apartment was seized, although it was not shown to be one of the items designated on the tags. Thereafter, Anderson was arrested and charged with felony-theft. He was given the *Miranda* warning and admitted that he knew that the television set had been stolen.

## I.
### The Search and Seizure Issue

The basis for the entry into the apartment was to determine whether Anderson was living there and had violated his parole by failing to report his change of address to the parole authorities. While searching the apartment, Truax took three merchandise tags which were on a counter and which provided the factual basis for a search warrant. The search warrant resulted in the seizure of a television set and felony-theft charges against Anderson. A timely motion to suppress was made and denied.

### A. *Anderson's Status and Rights as a Parolee.*

Since Anderson was a parolee, the first question which we must resolve is whether his status as a parolee deprives him of all of the protections afforded by the Fourth Amendment. *U. S. Const.* amend. IV. The Fourth Amendment offers protection against unreasonable searches and seizures to all persons. However, what may be a reasonable search when a parolee is the subject of the investigation may be unreasonable when directed against another person. *United States ex rel. Santos v. New York State Board of Parole*, 441 F.2d 1216 (2d Cir. 1971). We

---

[1]Now section 18-4-401, C.R.S. 1973.

cannot ignore the fact that parolees, as a class, pose a greater threat of criminal activity to law enforcement authorities than ordinary citizens. *United States ex rel. Randazzo v. Follette,* 418 F.2d 1319 (2d Cir. 1969).

■ Parole authorities must have the power to enforce parole conditions. To reach that end, the California courts have gone so far as to hold that a parole officer may investigate parole violations by searching a parolee's residence without probable, or even reasonable, cause to believe that a parole violation has occurred and without a search warrant. The reason behind the California courts' rule is that a parolee is deemed to be a prisoner under legal custody. *In re Martinez,* 1 Cal. 3d 641, 463 P.2d 734, 83 Cal. Rptr. 382 (1970); *People v. Kanos,* 14 Cal. App. 3d 642, 92 Cal. Rptr. 614 (1971); *People v. Coffman,* 2 Cal. App. 3d 681, 82 Cal. Rptr. 782 (1970); *People v. Thompson,* 252 Cal. App. 2d 76, 60 Cal. Rptr. 203 (1967); *People v. Gastelum,* 237 Cal. App. 2d 205, 46 Cal. Rptr. 743 (1965); *People v. Hernandez,* 229 Cal. App. 2d 143, 40 Cal. Rptr. 100 (1965).

We are not prepared to accept the position of the California courts or, on the other hand, to limit a parole officer's right to investigate parole violations by applying to such investigations the same panoply of Fourth Amendment rights which apply to other persons. *State v. Cullison,* Iowa, 173 N.W.2d 533 (1970). *See* White, *The Fourth Amendment Rights of Parolees and Probationers,* 31 U. Pitt. L. Rev. 167 (1969).

■ In our view, the Fourth Amendment is not to be totally ignored merely because of parole status. *United States v. Hallman,* 365 F.2d 289 (3d Cir. 1966); *Brown v. Kearney,* 355 F.2d 199 (5th Cir. 1966); *Martin v. United States,* 183 F.2d 436 (4th Cir.), *cert. denied,* 340 U.S. 904, 71 S.Ct. 280, 95 L.Ed. 654 (1950).

In *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court of the United States declared that a parolee is granted conditional liberty when he is released from prison and is permitted to serve the remainder of his prison sentence outside the confines of the prison and beyond the highly disciplined and regimented life of a prison. *Morrissey v. Brewer* acknowledges that a parolee is subject to restrictions which are not applicable to other citizens, but declares that parole conditions are quite different from confinement in a prison and entitle the parolee to some constitutional protection commensurate with the degree of the liberty afforded by parole. *Palmigiano v. Travisono,* 317 F.Supp. 776 (D.R.I. 1970).

■ Accordingly, we declare that Colorado will adopt the middle ground. This requires a parole officer who is investigating a parole violation to have reasonable grounds to believe that a parole violation has occurred. Under these circumstances, when he conducts his search in connection with that investigation, the need for a search warrant is eliminated. *State v. Simms,* 10 Wash.App. 75, 516 P.2d 1088 (1973). To us, the measure of protection afforded to a parolee lies in a determination

of what constitutes a reasonable search under the circumstances. The parole authority must be vested with the power to investigate a parolee to ascertain whether a parole violation has occurred if it is to fulfill its statutory function. Sections 17-1-101 *et seq.*, C.R.S. 1973. Without access to evidentiary material relating to a parole violation, the parole authorities would be prevented from supervising parolees and from enforcing parole conditions. *United States ex rel. Santos v. New York State Board of Parole, supra; United States ex rel. Randazzo v. Follette, supra; United States v. Hallman, supra; Brown v. Kearney,* 355 F.2d 199 (5th Cir. 1966); *Burns v. Wilkinson,* 333 F.Supp. 94 (W.D. Mo. 1971); *Palmigiano v. Travisono, supra; State v. Williams,* 486 S.W.2d 468 (Mo. 1972); *People v. Thompson,* 77 Misc.2d 700, 353 N.Y.S.2d 698 (1974); *People v. Santos,* 31 App.Div.2d 508, 298 N.Y.S.2d 526 (1969); *State v. Simms, supra.*

### B. *Truax's Rights and Duties as a Parole Officer Investigating a Parolee.*

In the instant case, Truax, as Anderson's parole officer, had reasonable grounds to enter the apartment to determine whether it was Anderson's established residence. Anderson's wife had told him that Anderson lived in the apartment, and Truax knew that Anderson reported a different address to the parole board. The investigation made by Truax established that the manager of the apartment had given rent receipts to Anderson and knew that he was living there. Accordingly, the search of the apartment was reasonable.

The seizure of the merchandise tags, under the circumstances which are before us, and the subsequent seizure of the television set was not proscribed by the Fourth Amendment. *U. S. Const.* amend. IV. In our view, the seizure of the tags was within the scope of a reasonable search and, therefore, not subject to exclusion. *See Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The seizure of the television set, pursuant to a search warrant which was predicated on the tags, in this case, complies with Fourth Amendment requirements.

The fact that a person is on parole does not justify a search without a warrant by any law enforcement officer, other than a parole officer. *People v. Thompson,* 252 Cal. App.2d 76, 60 Cal.Rptr. 203 (1967). A parole officer, however, may cause a police officer to accompany him when a search is being made. Moreover, the police officer does not have the broad power to supervise parolees that is granted to parole officers. *People v. Thompson,* 252 Cal.App.2d 76, 60 Cal.Rptr. 203 (1967); *People v. Quilon,* 245 Cal.App.2d 624, 54 Cal.Rptr.294 (1966); *People v. Gastelum, supra.* Evidence seized within the scope of a reasonable search by a parole officer, even though unrelated to the parole violation, is admissible in the prosecution of another crime. *United States ex rel. Santos v. New York State Board of Parole, supra.*

## II.

### The Statement

In the course of the trial, the prosecution presented testimony from the parole officer which included the defendant's admission that he knew that the television set in his apartment was stolen. Anderson contends that the admission was only made after he was advised that it would go better for him if he told the truth. Anderson's admission was properly received in evidence. It was not the product of an unwarranted promise and was not deprived of its voluntary character by the statements of the parole officer. *United States v. Pomares,* 499 F.2d 1220 (2d Cir. 1974); *United States v. Glasgow,* 451 F.2d 557 (9th Cir. 1971).

Anderson's position is robbed of any vitality because of his express waiver of his rights, and by a full *Miranda* warning, which preceded the waiver. *United States v. Williams,* 479 F.2d 1138 (4th Cir.), *cert. denied,* 414 U.S. 1025, 94 S.Ct. 452, 38 L.Ed.2d 317 (1973):

Furthermore, the statement does not qualify as fruit of the poisonous tree and cannot be connected to an unlawful search and seizure. *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Anderson was given his *Miranda* warnings, and after being fully advised of his rights he expressed a desire to talk with his parole officer. He admitted that his statement was voluntarily made, and it was, therefore, admissible at trial. *Accord, ALI, Model Code of Pre-Arraignment Procedure* § 150.2 at 180 (commentary) (Tent. Draft No. 6, 1974); *United States v. Davis,* 456 F.2d 1192 (10th Cir. 1972); *United States v. Close,* 349 F.2d 841 (4th Cir. 1965), *cert. denied,* 382 U.S. 992, 86 S.Ct. 573, 15 L.Ed.2d 479 (1966); *Rogers v. United States,* 330 F.2d 535 (5th Cir.), *cert. denied,* 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186 (1964); *Hollingsworth v. United States,* 321 F.2d 342 (10th Cir. 1963).

Accordingly, Anderson's statement was admissible. *People v. Wiedemer,* 173 Colo. 8, 475 P.2d 342 (1970).

We, therefore, affirm.