39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Venessa CANNON, also known as Bay Bay, also known as Renee
Cannon, also known as Debra Babbs Martin,
Defendant-Appellant.
 No. 93-1377.
 United States Court of Appeals, Tenth Circuit.
 Nov. 14, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, McKAY, and HENRY, Circuit Judges.[2]
 
 
 1
 Defendant-appellant Vanessa Cannon appeals her convictions stemming from her involvement in a scheme to distribute crack cocaine. On November 1, 1991, a parole officer, accompanied by police officers, conducted a warrantless search of defendant's home and one of her vehicles, a brown Cadillac. At the time of the search, the parole officer suspected that defendant's husband, Alonzo Buggs, had violated his parole. In the house, officers discovered a large amount of cash, a pistol, ammunition, a scale, and a small quantity of drugs. They also recovered eight ounces of crack cocaine from the trunk of the Cadillac.
 
 
 2
 Several months later, on June 1, 1992, police searched another of defendant's vehicles, a Jeep Cherokee, incident to defendant's arrest on an unrelated federal charge. In the course of that search, police discovered two baggies of crack cocaine in the back seat, along with a purse containing a loaded handgun, a pager and a digital gram scale.
 
 
 3
 Based in part upon this evidence, the government charged defendant with a number of drug trafficking crimes. Defendant entered a conditional guilty plea, Fed.R.Crim.P. 11(a)(2), to counts charging conspiracy to possess, with the intent to distribute, crack cocaine, 21 U.S.C. 841(a)(1) and (b)(1)(A)(iii), 846; 18 U.S.C. 2; possession, with the intent to distribute, crack cocaine, 21 U.S.C. 841(a)(1) and (b)(1)(A)(iii); 18 U.S.C. 2; and three counts charging distribution of crack cocaine, 21 U.S.C. 841(a)(1) and (b)(1)(C); 18 U.S.C. 2. As part of the plea agreement, defendant reserved the right to challenge the legality of these searches on appeal.
 
 
 4
 Defendant pled not guilty to the remaining count charging her with using and carrying a weapon in relation to a drug trafficking offense, 18 U.S.C. 924(c), stemming from the June 1, 1992, incident, and waived a jury trial. Following a bench trial, the district court found defendant guilty of the 924(c) charge.
 
 
 5
 On appeal, defendant argues that the district court erred in (1)denying her motion to suppress the evidence seized during the November 1, 1991, search of her residence and the Cadillac; (2)denying her motion to suppress the evidence seized from her Jeep, at the time of her arrest on June 1, 1992; and (3) denying her motion for judgment of acquittal, see Fed.R.Crim.P.29(a), following trial on the weapon count. Upon consideration of the record and the parties' written briefs, we affirm.
 
 I. Motions to Suppress
 
 6
 "Our analysis of the district court's factual findings on the motion[s] to suppress is subject to the clearly erroneous standard of review. The reasonableness of the search[es] and seizure[s], however, is a question of law which we review de novo." United States v. Lugo, 978 F.2d 631, 634 (10th Cir.1992) (citation omitted).
 
 
 7
 The November 1, 1991, warrantless search of defendant's residence and the Cadillac was predicated on the status of defendant's husband, Alonzo Buggs, as a parolee. See People v. Anderson, 536 P.2d 302, 305 (Colo.1975)(in banc)(parole officer possessing reasonable grounds to believe parolee has violated his parole does not need search warrant to conduct reasonable search); see also Colo.Rev.Stat. 17-2-201(1)(f)(I)(D) (Supp.1993)(requiring parole agreement to include provision authorizing parole officer to search parolee's person, residence or property); see generally Griffin v. Wisconsin, 483 U.S. 868, 870-73 (1987) (warrantless search of probationer's home, conducted pursuant to state regulation, lawful under Fourth Amendment).
 
 
 8
 The record contains substantial evidence supporting the reasonableness of the parole officer's belief that Buggs had violated his parole. Defendant argues, however, that the parole officer did not possess sufficient information to support a reasonable belief that Buggs was residing with defendant in her home. See United States v. Harper, 928 F.2d 894, 896 (9th Cir.1991)(while probation officer with warrant to arrest individual for violation of his probation has authority to enter probationer's home without search warrant, probation officer may not enter third party's home to arrest probationer without obtaining search warrant). We disagree.
 
 
 9
 The parole officer had verified that Buggs was no longer living at his reported address and that he had removed the electronic ankle bracelet intended to monitor his whereabouts. The officer further obtained information that Buggs had recently married defendant. The parole officer also learned that, as part of a separate, ongoing drug investigation, Aurora police officers had wiretapped defendant's telephone calls and recorded conversations linking her with Buggs and with his son. In these recorded conversations, defendant revealed that Buggs had gone to California to obtain crack cocaine and would be returning to Colorado soon. Subsequently, while conducting surveillance of defendant's residence, police officers identified Buggs as he arrived at defendant's home, driving the Cadillac, and entered the house, taking with him an item or a bag similar to a suitcase. Later, he moved the Cadillac to a nearby shopping center parking lot and reentered defendant's home through the back yard. This information, in the possession of the parole officer, was sufficient to support her reasonable belief that Buggs was residing in defendant's home and, thus, justified the warrantless search of defendant's residence.
 
 
 10
 Defendant further asserts that the warrantless search of the Cadillac, as part of the parole search, was unlawful. At the time of the search, the parole officer possessed a reasonable belief that Buggs had violated his parole, that evidence of parole violations would be found in the Cadillac and that Buggs had been exercising control over that vehicle, see United States v. Davis, 932 F.2d 752, 758 (9th Cir.1991)(police officers "must have reasonable suspicion[ ] that an item to be searched is owned, controlled, or possessed by probationer, in order for the item to fall within the permissible bounds of a probation search"). The warrantless search of the Cadillac, therefore, undertaken at the request and direction of the parole officer, was also reasonable as a search for evidence of parole violations. See United States v. Pagel, 854 F.2d 267, 271 (7th Cir.) (upholding stop and search of parolee's vehicle pursuant to Wisconsin regulation authorizing search of parolee's property and living quarters, even though parolee was not in vehicle at time of stop), cert. denied, 488 U.S. 995 (1988).
 
 
 11
 Defendant next challenges the validity of the June 1, 1992, search of her Jeep, which occurred incident to her arrest. The evidence indicates that police officers apprehended defendant by parking their vehicles directly behind her Jeep as she was backing out of a parking space at an apartment complex. Defendant then immediately exited the vehicle and shut and locked the door, leaving the keys inside. Defendant argues that a police officer's subsequent entry of her vehicle, effected by reaching a night stick through an open window and unlocking the door, could not be justified as incident to a lawful arrest because she had already been handcuffed and detained in a patrol car when this entry occurred.
 
 
 12
 "Incident to an arrest, police officers may search a vehicle of which the arrestee was a recent occupant. Such a search is permissible notwithstanding the fact that the arrestee is out of the automobile and under the control of the officer." United States v. Franco, 981 F.2d 470, 473 (10th Cir.1992) (citation omitted). The search of defendant's vehicle, therefore, conducted contemporaneously with her lawful arrest, was reasonable.
 
 II. 18 U.S.C. 924(c)
 
 13
 Defendant argues that the district court erred in denying her motion for a judgment of acquittal, made at the conclusion of the bench trial on the 924(c) weapon charge.
 
 
 14
 We review a district court's order denying a motion for a verdict of acquittal under the same standard that court applied when considering the motion. All of the evidence must be reviewed in the light most favorable to the government, recognizing the right of the [factfinder] to determine credibility and to find the facts. The court may enter a judgment of acquittal only if the evidence that the defendant committed the crime[ ] alleged is so meager that no reasonable [factfinder] could find guilt beyond a reasonable doubt. United States v. Fleming, 19 F.3d 1325, 1328 (10th Cir.1994) (citations, quotations omitted), petition for cert. filed, 63 U.S.L.W. 3010 (U.S. June 21, 1994) (No. 93-2091). The record contains ample evidence to support defendant's conviction for using and carrying a weapon in relation to a drug trafficking offense.
 
 
 15
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument