**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEON L. JONES,

Defendant-Appellant.

No. 99-1316
(D.C. No. 98-CR-161-WM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **PORFILIO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Following entry of a conditional guilty plea, defendant Deon Jones was

convicted of possession with intent to distribute cocaine and sentenced to a term

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of 188 months' imprisonment. The sole issue presented in this appeal is whether the district court erred in denying Mr. Jones' motion to suppress evidence. Because we agree with the trial court that reasonable grounds existed for execution of a warrantless search, we affirm.

At the time of his arrest, Mr. Jones was participating in the Colorado Department of Corrections' Intensive Supervision Probation Program (ISP). That program, designed to relieve overcrowding in state facilities, allows inmates early release from custody under certain closely monitored circumstances. *See* Colo. Rev. Stat. §16-11-213 (describing the program and its requirements). The parties agree the program is similar to, albeit more restrictive than, parole status. As part of his ISP release, Mr. Jones agreed to regular urinalysis tests and also signed an agreement allowing regular searches of his residence and person. In addition, he agreed to place daily phone calls to a recorded line and had a curfew requiring him to be at his residence between 10 p.m. and 8 a.m.

On February 18, 1998, Mr. Jones submitted to a regularly scheduled urinalysis test. On February 23, his Department of Corrections supervisor, James Keller, received the results of that test, which confirmed the presence of cocaine. Two days later, Agent Keller confronted Mr. Jones with the findings. At that time, Mr. Jones admitted his drug use and was subjected to an administrative hearing on the ISP violation. During the hearing, Mr. Jones produced a pager and

approximately $200 cash from his pockets.  Under the ISP guidelines, Mr. Jones was prohibited from carrying either of those items.  Also at that hearing, Mr. Jones advised Agent Keller he had failed a second urinalysis test taken as part of a job application process.

At that juncture, Agent Keller took Mr. Jones into custody and advised him they would proceed to his residence to do a home search.  The subsequent search revealed over $6,000 in cash and a briefcase containing approximately one pound of cocaine.  Only after finding those items did Agent Keller seek, and obtain, a search warrant.  A more expanded search revealed weapons and ammunition in the garage of the home.  The district court held the search, although warrantless, did not violate the Fourth Amendment.

In reviewing the order denying the motion to suppress, we will accept the district court's factual determinations unless they are clearly erroneous.  *See United States v. Long*, 176 F.3d 1304, 1307 (10th Cir.), *cert. denied*, 68 U.S.L.W. 3232 (U.S. Oct. 4, 1999) (No. 99-5944).  We review de novo, however, the ultimate issue whether the search was reasonable under the Fourth Amendment. *Id.*

General Fourth Amendment principles require that home searches be undertaken only pursuant to a valid warrant.  *See Payton v. New York*, 445 U.S. 573, 586 (1980).  The Supreme Court has recognized exceptions to that

requirement, however, "when 'special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable.'" *Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987) (quoting *New Jersey v. T.L.O.*, 469 U.S. 325, 351 (1985)(Blackmun, J., concurring in judgment)). We conclude the supervision required of Mr. Jones in his status under the ISP is one of those "special needs" justifying a warrant exception. *See id.* at 875-76 (concluding that supervision of probationers is a "special need" justifying an exception to the warrant requirement). As a consequence, the warrantless search was valid if, under the standards occasioned by the special needs of Mr. Jones' status, it met Fourth Amendment prerequisites.

To determine whether the search was proper, we must examine whether the Colorado statute allowing warrantless searches of parolees provides sufficient Fourth Amendment safeguards. In addition, we must examine whether those safeguards were followed in this case. *See United States v. Phillips*, 977 F. Supp. 1418, 1421 (D. Colo. 1997). Under current law, officers must have "reasonable grounds" to justify a warrantless search of a parolee. *See People v. Anderson,* 536 P.2d 302, 305 (Colo. 1975)*; see also People v. Tafoya*, 985 P.2d 26, 29 (Colo. Ct. App. 1999) (discussing warrantless searches under Colo. Rev. Stat §17-2-201 (5)(f)(I)(D)), *cert. granted*, (Colo. Sept. 13, 1999). We conclude that standard, which is the same one the Supreme Court identified in *Griffin*, meets the

Fourth Amendment test.[1]  *See Griffin*, 483 U.S. at 875-76.  The only question remaining, therefore, is whether Agent Keller had reasonable grounds to conduct a search of Mr. Jones' home.

Although Mr. Jones does not dispute the initial drug use, he maintains the search of his home was improper because there was no evidence suggesting the ISP violation occurred there.  He argues it was not reasonable to assume a search of his home would produce evidence of additional violations.  While we agree there was no single piece of evidence directly linking the violation to the home, the totality of the facts implicate Mr. Jones' residence and give rise to a logical presumption that evidence of additional ISP violations could be found there.

In addition to the admitted drug use, Mr. Jones also produced $200 cash and a pager, both suggesting the possibility of a distribution plan.  Moreover, the curfew imposed on Mr. Jones required him to be at home between 10:00 p.m. and 8 a.m., leading to a logical inference that any distribution could be from his residence.  Finally, Agent Keller testified he was privy to a recorded phone call,

---

[1]      In *Tafoya* , the Colorado Court of Appeals held reasonable suspicion is necessary to justify a warrantless parole search.  985 P.2d at 29.  That case is now on certiorari to the Colorado Supreme Court.  Because we hold Agent Keller had sufficient facts to justify his search under any construction of the "reasonable suspicion" or "reasonable grounds" tests, we need not examine whether, under Colorado law, the actual standard has changed.      *Id.* (noting courts have found no substantive difference between the definitions of "reasonable grounds" and "reasonable suspicion").

made from the home in the month prior to the violation, in which Mr. Jones made a vague reference to obtaining cocaine. All these facts, taken together, give rise to reasonable grounds for executing the search without a warrant. We agree with the district court there was no Fourth Amendment violation.

Consequently, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge